# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20010
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALICIA GERALDIN PAGOAGA-RIOS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-296-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Alicia Geraldin Pagoaga-Rios entered a conditional guilty plea to one count of conspiracy to transport and harbor undocumented aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I), reserving the right to appeal the district court's adverse ruling on her motion to suppress. She was sentenced to a prison term of time served. She appeals her conviction.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20010

Pagoaga-Rios argues that the district court erred by denying her motion to suppress evidence obtained as a result of the traffic stop, when the stop was not supported by reasonable suspicion of a traffic violation or DWI offense and the emergency-aid exception to the warrant requirement did not apply.

In reviewing the district court's denial of a defendant's motion to suppress, this court reviews factual findings for clear error and legal conclusions de novo. *United States v. Alvarado-Zarza*, 782 F.3d 246, 249 (5th Cir. 2015). The legality of a traffic stop is examined under the two-pronged analysis described in *Terry v. Ohio*, 392 U.S. 1 (1968). *United States v. Brigham*, 382 F.3d 500, 506 (5th Cir. 2004) (en banc). This appeal focuses solely on the first *Terry* prong—whether the deputy's decision to conduct a stop of Pagoaga-Rios's vehicle was justified at its inception. *See id.*

"For a traffic stop to be justified at its inception, an officer must have an objectively reasonable suspicion that some sort of illegal activity, such as a traffic violation, occurred, or is about to occur, before stopping the vehicle." *United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005). "[R]easonable suspicion exists when the officer can point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the search and seizure." *Id.*

Texas law provides, "An operator may not drive so slowly as to impede the normal and reasonable movement of traffic, except when reduced speed is necessary for safe operation or in compliance with law." TEX. TRANSP. CODE ANN. § 545.363(a). Whether, on the particular facts of this case, the deputy had reasonable suspicion that Pagoaga-Rios violated § 545.363, is not readily resolved by reference to Texas law. *See Lopez-Moreno*, 420 F.3d at 430; *see also Delafuente v. State*,  414 S.W.3d 173, 178 (Tex. Crim.  App. 2013).

However, we need not reach that question, because even if the deputy erred in determining that he had a legal basis to stop Pagoaga-Rios, his mistake of law can "give rise to the reasonable suspicion necessary to uphold the seizure under the Fourth Amendment," if it was objectively reasonable. *See Heien v. North Carolina*, 135 S. Ct. 530, 534, 539 (2014). Here, any mistake of law in determining that Pagoaga-Rios violated § 545.363 was objectively reasonable; thus, there was reasonable suspicion to justify the stop. *See Alvarado-Zarza*, 782 F.3d at 249-50.

Although Pagoaga-Rios argues that her reduced speed was necessary for safe operation of her vehicle, and thus meets the exception indicated in § 545.363, "[a] determination that reasonable suspicion exists . . . need not rule out the possibility of innocent conduct." *United States v. Arvizu*, 534 U.S. 266, 277 (2002). As a result, the reasonable suspicion analysis is not affected. *See Arvizu*, 534 U.S. at 277-78.

Given the foregoing, we need not address whether the deputy had reasonable suspicion of a DWI or whether the emergency-aid exception to the warrant requirement applied. *See Lopez-Moreno*, 420 F.3d at 430-34; *see Heien*, 135 S. Ct. at 540. The judgment of the district court is AFFIRMED.